25-1868 Western Arkansas Just Funky v. Think 3 Fold Good morning, your honors. My name is Tim Cullen. I represent Just Funky. Judge Gruner, you may remember this case. This is our second trip here. I do. And this court issued an opinion on the underlying merits back in July, and we're here today to address the award of attorney's fees. This is a business that I didn't know existed until a few years ago, that they're plushies. They're the little soft toys that are sold at toy stores and Targets and Walmarts and everywhere, and it's a big business, bigger than I ever imagined. But the bottom line is there were two deals, and this is addressed in this court's opinion, there were two deals that they were fighting over. One of them was a smaller deal for about 15,000 toys, and the other was the larger deal for about 250,000 toys. And below, the trial court ruled as to breach of contract on the larger deal of 250,000 toys that there was no contract. There was no meeting of the minds, and this court affirmed that point. And that implicates, so then, excuse me, the Think Threefold prevailed on the smaller claim for the 14,000 plushies, and there was an award of damages there. Think Threefold moved for attorney's fees, and they were ultimately granted about half of their request. It was about $150,000 in attorney's fees. And just funky, he's appealed from that decision, raising both below and on appeal this case of Anderson's Taekwondo Center versus Lander's. And the discrete point, which I'm trying to make this as simple as I possibly can, is that in Anderson's Taekwondo, the Arkansas Supreme Court said, because there was no contract between the parties, the attorney's fees cannot be recovered in the instant case. That's the point we're trying to apply here in this case. Arkansas has a fee-shifting statute for breach of contract that allows, in the court's discretion, a prevailing party to be awarded attorney's fees. It's our position that because of the nature of the defense here, that there was no contract that Think Threefold cannot then rely on the breach of contract statute as a basis for attorney's fees. And so those attorney's fees should be set aside. It's very clear in the trial court's ‑‑ Well, didn't they successfully defend a contract claim? Doesn't that count?  They did. But the nature of their defense was ‑‑ And they prevailed on one, didn't they? They prevailed on a small one, 10 percent of the case or less. And they prevailed on the defense of the claim. But the nature of the defense was not there's no breach or there's an excuse for a breach. The nature of the defense was there's no contract at all. And that, in fact, was the trial court's finding below, is that there was never a meeting of the minds. And that finding was specifically affirmed. The Andersons is on point, albeit, you know, the other side has raised and will argue that Andersons involved multiple claims and including an unlawful detainer action. It was a Taekwondo gym that ‑‑ Was there a breach of contract claim at all in that case? There was. There was. But in Andersons, there was a finding that there was never a contract between the parties. This was just some amorphous arrangement where the Taekwondo people used one of the servicing bays at the car dealership to do their activities. So there was a, there was, the defense was we never had a contract. And that, the trial court ruled that way. And the Arkansas Supreme Court affirmed on that point. And the language is very clear at, I guess this is page five of the Anderson decision, that because there was no contract between the parties, the attorney's fees cannot be recovered in the instant case. Again, the other side is going to say, well, that's because it was an unlawful detainer action. But there was a contract claim. And the contract claim, they tried to bootstrap an attorney's fee award into the case, which would not otherwise be entitled to attorney's fees in an unlawful detainer action in Arkansas. And the court rejected that. Let's step back here and look at the facts here. And, I mean, because I'm wondering if this doesn't sound in contract at some level. I mean, what we have here, we're talking about the payment that was made for 14,856 plush toys because somebody from Just Funky frantically told Think Three, send us the cash. And then they sent them the cash. And then Just Funky never delivers the plushy toys and never returns the cash. Now, I mean, I guess it could be an unjust enrichment claim. But it seems to me that under article, you know, under the UCC, that you're just looking at just an ordinary sale of goods, right? That, you know, because you identify 14,856 plushy toys for X number of dollars. Well, I don't know. I mean, I'm just a guy from North Dakota. But that sounds like a contract to me. Yes, Your Honor. And, unfortunately, you know, it's always more complicated than what it seems. But there was a breach of contract claim as to those 14,000 toys. And Think Three prevailed on that. However, there was a much larger breach of contract claim for the 250,000 toys. And the ruling on that was there is no contract. So I don't mean to split hairs, but I have to split hairs here. There was an element of this where there was a breach of contract claim. But more than 90% of the case turned on the fact that there was no contract. And so I think it's – So it matters not what the claim was as brought, but as determined? Yes. Yes. So it matters – So that's part of the prevailing party status analysis. Well, prevailing, but prevailing for a different reason. Yes. Yes. So it matters why you prevail. I believe that's what Anderson says, is, you know, in Anderson, they couldn't get attorney's fees under wrongful detainer action, so they tried to bootstrap it through a breach of contract action. And the court said there was no contract in this case. So we cannot award attorney's fees based on breach of contract. So that's the discrete point that I'm trying to argue. And I acknowledge, and this was briefed, but there's a district court opinion from Arkansas that attempts to distinguish Anderson. And the other side has cited some other decisions. But the language in Anderson is clear, and the language in Anderson is from the Arkansas Supreme Court, which this court is duty-bound to accept as precedent. The competing cases from a district court could be persuasive. The competing cases from the Arkansas Court of Appeals can be persuasive. But in this limited situation, the authority from Anderson and the Arkansas Supreme Court is authoritative. I'm into my rebuttal time. I'd like to save a few minutes. Very well. Thank you.  Good morning, Your Honors. Hannah Armentrout from Holland and Hart for Appellee Think Threefold, LLC. I'm going to address the prevailing party issue first, and then I'll briefly address the timeliness issue. Think Three prevailed in this case, not only in defending against Just Funky's breach of contract claim on summary judgment, but also in bringing its own claim for the smaller plush deal, the 14,000 plushies, at trial. In addition, there were other contractual claims in this case that Think Three prevailed on at the motion-to-dismiss stage. There was a dispute about a promissory note. There was a dispute about a settlement agreement. Think Three prevailed at every turn, and the entire relationship between Think Three and Just Funky is a contractual relationship. There's really nothing else you can call this case besides a breach-of-contract case. Just Funky argues that Think Three was not the prevailing party because Think Three prevailed in a particular way, because Think Three prevailed in establishing that no contract existed on that larger plush deal. But Arkansas law is clear that a defendant who prevails in establishing that no contract existed is still a prevailing party in a breach-of-contract case under the statute. The clearest articulation of this principle is in the Cumberland Financial Group case cited in the briefing. Where the Arkansas Court of Appeals squarely addressed the issue raised by Just Funky here. There, the Arkansas trial court awarded attorney's fees to a defendant who prevailed on exactly the argument that no contract existed. The plaintiff appealed and argued that under such a circumstance, the statute doesn't apply. And the Arkansas Court of Appeals disagreed and held that the defendant was clearly a prevailing party within the terms of the statute. Belk v. Teague, another Arkansas Court of Appeals case from 2008, reached the same conclusion. And the same outcome is appropriate here. Think Three prevailed on numerous breach-of-contract claims and was properly awarded its fees. Is it your position that Anderson's taekwondo has no precedential value? It's not necessarily that it has no precedential value. It is an unpublished case. And in Arkansas, Arkansas courts are very clear when they intend to overrule prior cases. And in this case, the Anderson's taekwondo case does not reference Cumberland. It doesn't reference Belk. It wasn't squarely addressing this issue. And it, the purpose, our argument is that Anderson's is not precedential here or doesn't have value here because Anderson's was fundamentally different facts than the facts of this case. So Judge Kelly, you'd mentioned, you'd asked whether there was a breach-of-contract claim in Anderson's. Anderson's was fundamentally a detainer action. In that case, the Landers Auto Group brought a case against Anderson's, alleging unlawful detainer. In response, Anderson's brought numerous counterclaims, including specific performance, detrimental reliance, promissory estoppel, fraud, abusive process, and finally, a breach-of-contract claim. The court issued a writ of possession in favor of Landers and dismissed all of the counterclaims. Landers then sought its attorney's fees under the breach-of-contract statute. And the trial court rightly denied the fees because it wasn't a breach-of-contract case. The Arkansas Court of Appeals affirmed the denial of fees, and their reasoning is more detailed than what got included in the Arkansas Supreme Court opinion. But the Arkansas Court of Appeals opinion set out in detail some more reasoning about why the award of fees would have been improper under the statute in that case. The Arkansas Court of Appeals noted that the case originated as a suit for unlawful detainer, for which there is no statute allowing for attorney's fees. The court further reasoned that only one of the several counterclaims was a claim for breach-of-contract. There were numerous other issues, and it fundamentally wasn't a breach-of-contract case. And the Arkansas Court of Appeals noted that the trial court was in the superior position to determine the fundamental nature of the case. And that's what the trial court did. I'm saying I'm kind of slow sometimes picking up on where we were at. And I want to go back once again to the precedential nature of Anderson's taekwondo because there was a time, I think, that when I was looking at it, that there's a Supreme Court rule in Arkansas 5-2 that says that all opinions are precedential, and that's been true since 2009. Now, it seems to me that we have to distinguish Anderson's taekwondo and the sort of broad blanket statement that's in it in order to get to where you want to go. You know, whether they usually overrule intermediate court opinions explicitly or not, you know, so we've got Cumberland out there, but we've got to kind of figure out, like, if we're going to distinguish it on the basis of Cumberland, why is Cumberland still good law after Anderson's taekwondo? I think that's right. And I think we're not saying that this court needs to ignore Anderson's in order to agree with the three-folds position here. Instead, even considering Anderson's, the remaining case law that actually squarely addressed the issue that's in front of the court here, which is can a defendant who prevails in a no-contract defense receive its attorney's fees, that precedent has not been overruled, and that precedent is still binding and in effect in Arkansas. The Anderson's decision did not change that line of cases because it was simply addressing a different issue, which is, is it appropriate where there's literally no contract between the parties, where the relationship is not contractual, and in a case that is not really a breach of contract case, is it appropriate for a trial court to deny fees in that circumstance? And that's what Anderson's holds. Here's where the district court sort of characterizes kind of more of a scope of contract, right, and then said it was interrelated with the other contract. I mean, so do we defer to that? Is that sort of part of the mix? I think you had said something about the appellate court decision in Anderson-Tae Kwon Do referenced the importance of sort of letting the trial court characterize the nature of the case in sort of multi-claim cases. Is that what I was hearing from you? Yes, and that's, I think, part of the reason that the attorney's fees awards are evaluated under the abuse of discretion standard is the trial court is the one who's closest to the case and in the best position to determine not only whether the award of fees is proper and in what amount, but also what the nature of the case really was, what the parties were really fighting about. And is that, other than in the appellate decision in Tae Kwon Do, is that a premise that is cited in other Arkansas cases? The Arkansas Supreme Court has said just what you've described? Yes, the Arkansas Supreme Court, and I think one of the cases that's the best on this point is the Perry decision out of the Arkansas Supreme Court in 2006. There, there was a dispute about kind of how you define prevailing party. And the Arkansas Supreme Court talked about the trial court's superior position to make that determination and, in particular, to make that determination based on the case as a whole. So one particular, I think, flaw in Just Funke's argument here is that there is no Arkansas precedent that carves up a case in the way that Just Funke is advocating this court require the district court to carve up this case. Instead, the prevailing party analysis is performed based on the case as a whole, and Arkansas law is extremely clear about that. The Perry case is one where the party prevailed on some claims, but not on all claims. And there, the court held that the trial court was still in a position to award fees to the party that it considered prevailed kind of on the case as a whole, as opposed to carving up which claims they prevailed on and excluding another set of claims that they might not have prevailed on. That's just not how Arkansas applies this statute. Did that deal with whether or not it was a contract case for purposes of this particular statutory provision? The Perry case did not specifically deal with the no-contract defense. That was the Arkansas Court of Appeals decisions in Cumberland and Belk. But the Arkansas Supreme Court and the numerous other cases cited in the brief have held that the determination is based on the case as a whole. It can't be carved up, and the district court's discretion shouldn't be interfered with by saying, oh, only certain claims were contractual, or only certain claims were you the prevailing party. And therefore, you're only entitled to that subset of fees. Instead, that kind of carving exercise is left to the district courts, and that's the exercise the district court engaged in here to award Think-3 about half of the fees that it requested. So for all these reasons, Think-3 is properly considered the prevailing party in this case. And I'd like to just emphasize for a moment that this is really not a close case in terms of who's the prevailing party or whether this is a contract case. There are numerous contracts. Think-3 prevailed at the motion to dismiss stage, motion for summary judgment stage, and at trial. And so from an attorney's fees perspective, and from the argument that Just Funke's raising, this case is sort of the furthest in the camp of a breach of contract case where a breach of contract case where the prevailing party was Think-3. For these reasons, Think-3 respectfully requests that the court affirm the fee award in its entirety. Thank you. Thank you, Mr. Armitroff. Judge Eggersen, you're right that after a certain date in Arkansas, even unpublished opinions have precedential value and authority, even if they're designated unpublished. And that was an outgrowth of this Court's Anistoff cases, if you remember those, about unpublished decisions. Also, counsel referenced the Arkansas Court of Appeals decision in Anderson that came prior to the Supreme Court's review decision in Anderson. And if you'll look at the standard of review when the Arkansas Supreme Court takes a case on review from the Arkansas Court of Appeals, it is that the Supreme Court decides the appeal anew as if the Court of Appeals decision never even existed. So I don't think it's proper to look to the Court of Appeals decision in Anderson and try to read context into that. The Supreme Court chose to take it and chose to re-decide it. And that's their authority. The cases cited that try to distinguish Anderson do not involve the defense of no contract. That Schluter case does not involve the defense of no contract. It was an automobile repossession, as I recall. There was a contract. There was just a traditional defense on whether it had been breached or not. Perry v. Baptist Health is the same thing. There's no doubt that there were contracts at play in that case. It went to trial, and the jury simply chose to award no damages. But there was not a defense of no breach of contract. And the other cases cited are, again, from the Arkansas Court of Appeals, and they also predate Anderson's. So I know the other side doesn't like Anderson's, and to some extent the trial court was trying to distinguish Anderson's, but it's a pretty clear statement of law in Anderson's that when there's no contract, there can be no justification in the statute for an attorney fee award based on a contract action. And that's what we've hung our hat on, and I think this Court may not like Anderson's either, but Anderson's is the controlling authority from the Arkansas Supreme Court, which is the final word on Arkansas state law. If there are no questions, I'll sit down. Thank you. Very well. Thank you, Counsel. We appreciate your appearance and argument. The case is submitted, and we'll issue an opinion in due course.